IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARIA BROOKS                                                      PLAINTIFF

VS.                                              CIVIL ACTION NO. 1:09CV251-A-A

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                   DEFENDANT

## REPORT AND RECOMMENDATION

After hearing before the undersigned United States Magistrate Judge, the court recommends this case be remanded to the Commissioner of Social Security for determination of benefits. Specifically, the court determined that plaintiff's arguments relating to whether the ALJ properly considered plaintiff's obesity and whether the Administrative Law Judge improperly afforded lesser weight to the opinion of plaintiff's treating physician are without merit. Despite plaintiff's contentions that the ALJ failed to consider her obesity in combination with her other impairments, Social Security Ruling 02-1p establishes that body mass index or numeric weight alone are not sufficient to indicate that obesity is in fact a limitation on vocational ability, and plaintiff presents no medical evidence to establish that her weight causes any additional or aggravating restrictions on her ability to perform work related activities. SSR 02-1p; *Robsen v. Astrue*, 526 F.3d 389 (8th Cir. 2008).

Further, the ALJ properly discounted the opinion of plaintiff's treating physician Dr. Buckley because his treatment notes are inconsistent with the limitations indicated on Dr.

Buckley's medical source statement form. In fact, at least one of the doctor's indicated limitations exceeds plaintiff's complaints to Dr. Buckley: on the day plaintiff asked him to fill out the MSS form, she told him she could sit for 50 minutes at a time, which stands in sharp contrast with the doctor's opinion that she could only sit 15 minutes. Tr. 24, 289. An ALJ does not act as a medical expert when assessing the validity of a doctor's opinion. *Perez v. Barnhart,* 415 3d 457, 465 (5th Cir. 2005). The ALJ's determination that Dr. Buckely's opinion should be afforded lesser weight was supported by substantial evidence, and plaintiff's argument regarding this point is without merit. SSR 96-2p; *Perez,* 415 3d at 465 (5th Cir. 2005).

However, plaintiff's contention that the ALJ erred in finding plaintiff capable of performing past relevant work at Step 4, in light of the ALJ's residual functional capacity assessment and the testimony of the Vocational Expert (VE), is well supported, and the undersigned recommends the case be reversed and a finding of disabled be rendered. Plaintiff argues, and the government concedes, that the hypothetical question posed to the VE at the administrative hearing in this case omitted several residual functional requirements, including plaintiff's need for a sit/stand option, restrictions on handling and her need for a clean environment. Tr. 71-77.

Had the ALJ not found that plaintiff could not perform her past relevant work at Step 4 of the sequential evaluation process, application of the Medical Vocational Guidelines, Grids, specifically application of Rules 202.04,202.06 (if limited to light work) or Rules 201.04, 201.06 (if limited to sedentary work) would be required at Step 5. 20 C.F.R. Part 404, Subpart P, App. P §200.00(e)(2). Application of the Grids at step 5 would have resulted in a determination that plaintiff was disabled. SSR 83-5a; *Lapeyrole v. Astrue*, 1:08cv226-SAA, *citing Cooper v.*

*Sullivan*, 880 F.2d 1152, 1155-1156 (9 Cir. 1989). *See also Barbee v. Astrue,* 2009 WL 4110259 (E.D.Tenn. 2009) (slip op.).

In deciding whether to reverse the Commissioner's final decision and remand for rehearing or to grant benefits without further administrative review, the court is required to examine the completeness of the record, the weight of the evidence in favor of the plaintiff, the harm to the plaintiff that further delay might cause, and the effect of a remand delaying the ultimate receipt of benefits by a deserving plaintiff. SOCIAL SECURITY LAW & PRACTICE, §55.77, p. 129. In this case, the plaintiff has been patient. She has been seeking benefits through the administrative processes for almost three years. The evidence is clear. Application of the Grids warrants a determination of disabled, and an award of benefits is proper without further inquiry into her work ability. Because the evidence is conclusive, an award of benefits at this stage would be in the best interests of the plaintiff's health and welfare and will avoid further undue delay. The undersigned recommends that the case be remanded for the sole purpose of determining the amount of benefits to be awarded to the plaintiff under the Act.

Respectfully submitted, this, the 15th day of April, 2010.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE